# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **EMROLD WILSON** | **CIVIL ACTION NO. 6:20-CV-00150** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **GREENWICH INSURANCE COMPANY AND AARON'S, INC.,** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, filed on by Defendants, Greenwich Insurance Company and Aaron's Inc., d/b/a Aaron's Rent to Own ("Aaron's"). (Rec. Doc. 7). Plaintiff opposed. (Rec. Doc. 14). The Motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the following reasons, this Court recommends that Defendants' Motion to Dismiss be DENIED.

## Factual and Procedural Background

Plaintiff initiated this lawsuit seeking to recover damages following an alleged trip and fall accident. Mr. Wilson claims he suffered injuries on or about Saturday, December 15, 2018 at Aaron's when he tripped over a cord. (Rec. Doc. 1-1). He

filed a petition for damages in St. Landry Parish state court via facsimile transmission on Monday, December 16, 2019. (Rec. Doc. 6-1, p. 1-2). Plaintiff received confirmation of receipt of the faxed Petition from the St. Landry Parish clerk of court the same day. (*Id*.) Plaintiff then mailed the original petition with applicable fees on Friday, December 20, 2019. (Rec. Doc. 6-2, p. 8). The St. Landry Parish clerk file-stamped the original Petition for Damages as received on Monday, December 30, 2019. (Rec. Doc. 1-1, p. 5).

Defendants filed the instant motion seeking to dismiss Plaintiff's claims as prescribed under Louisiana law.[1] Defendants contend Plaintiff failed to prove the St. Landry Parish clerk of court received the petition within the seven days, exclusive of legal holidays, timeframe mandated by Louisiana Revised Statutes §13:850(B). (Rec. Doc. 7-2). Plaintiff defends the late filing on the grounds of the inordinate delay between the date the original Petition was mailed (December 20, 2019) and the date the clerk of court received the original Petition (December 30, 2019).

---

[1] Defendants initially alleged that Plaintiff fax filed his Petition on December 16, 2019—one year and a day after the alleged incident, such that it was untimely. Defendants subsequently amended the motion to withdraw this argument as a basis of prescription. (Rec. Doc. 16).

## **Law and Analysis**

**A.    The Applicable Standard**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto, accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).Nevertheless, when reviewing a motion to dismiss, a district court may also consider "documents incorporated into the complaint by

3

reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir.2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

A Rule 12(b)(6) motion to dismiss for failure to state a claim is the proper procedural device to raise a statute of limitations defense and may be granted when it is evident from the pleadings that the action is time barred and the pleadings fail to raise some basis for tolling the applicable prescriptive period. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). When matters outside of the pleadings are presented in a motion to dismiss under Rule 12(b)(6), the court "has complete discretion to either accept or exclude the evidence." *Gen. Retail Svcs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 783 (5th Cir. 2007) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 (5th Cir. 1988)); *see* Fed. R. Civ. P. 12(d).

**B. Whether the pleadings evidence that prescription expired.**

Louisiana imposes a one-year prescriptive period for tort claims. La. C.C. art. 3492. When the last day of the prescriptive period falls on a legal holiday, prescription expires on the next day which is not a legal holiday. La. C.C. art. 5059. Plaintiff alleges his accident occurred on December 15, 2018. (Rec. Doc. 1-1, ¶3). Because December 15, 2019 was a Sunday, the prescriptive period expired on

Monday, December 16, 2019. Plaintiff fax-filed his Petition on that date. (Rec. Doc. 6-1, p. 1-2).

La. R.S. 13:850(b) provides that "[w]ithin seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing," the original fax-filed document and applicable filing fees "shall be delivered to the clerk of court." If the filing party fails to comply with these requirements, the facsimile filing shall have no force or effect. La. R.S. 13:850(C).

Prior to 2016, La. R.S. 13:850(B) provided: "Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document **shall forward** [the original pleading and applicable fees] to the clerk." *Hunter v. Morton's Seafood Rest. & Catering,* 08–1667 (La.3/17/09), 6 So.3d 152, 156. (Emphasis in original.) In interpreting the prior version of the statute, the Louisiana Supreme Court considered the plain meaning of "forward," and held "that to forward a document as required in La. R.S. 13:850(B), a litigant must only send the document; the sending of the document towards the place of destination is all that is required, pursuant to the clear and unambiguous language of La. R.S. 13:850(B)." *Id.*

In 2016, the Louisiana legislature amended the statute to provide that the document "shall be delivered to the clerk of court." Applying the Louisiana Supreme Court's analysis to the statute as amended dictates a finding that the original pleading

5

must be delivered to the clerk of court within the seven-day timeframe. The date of the clerk of court's receipt—not the date of mailing—is the operable date. *Clark v. Wal-Mart Stores, Inc.,* 18-52 (La. App. 5 Cir. 10/31/18), 259 So. 3d 516, 521.

The state court record submitted in response to the Court's removal order constitutes public record of which this Court may take judicial notice. The records show that Plaintiff fax-filed the Petition on Monday, December 16, 2019 and mailed the original on Friday, December 20, 2019. (Rec. Doc. 6-1, p. 1; 8). Under La. R.S. 13:850(B), the clerk of court had to receive the original pleading within seven non-legal holidays, or by Friday, December 27, 2019. The Clerk of Court received the Petition on the following Monday, December 30, 2020. (Rec. Doc. 6-1, p. 8).

Plaintiff argues that the clerk of court could have received the original Petition on a date prior to the actual date-stamping on December 30, 2019, citing *Clark v. Wal-Mart Stores, Inc., supra*. In *Clark*, the court held that the original pleading was properly delivered on the date shown on the certified mail receipt (which was within the seven-day period), rather than the date of file-stamping (which was the next day and would have rendered the filing untimely). *Clark*, 259 So.3d at 522. Such a delay between the date of receipt and the date of time-stamping is plausible in this case, where the seven-day time period expired on a Friday between Christmas and New Years Eve, and the clerk of court file-stamped the original Petition on the following Monday. However, the Court cannot determine the clerk of court's actual date of

6

receipt based on the face of the pleadings. Although Plaintiff mailed the original Petition by certified mail, the return receipt was not included in the state court pleadings, and neither party has presented a copy of same. Accordingly, the Court finds that prescription cannot be decided at this stage of the pleadings. Rather, the issue may be more properly considered pursuant to a motion for summary judgment after the parties have had the opportunity to conduct discovery and submit evidence for the Court's review.

## **Conclusion**

For the reasons set forth above, this Court recommends that Defendants' Motion to Dismiss (Rec. Doc. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    Signed at Lafayette, Louisiana, this 30th day of March, 2020.

                                                                                                    PATRICK J. HANNA
                                          UNITED STATES MAGISTRATE JUDGE