UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **EMROLD WILSON** | **CASE NO. 6:20-CV-00150** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GREENWICH INSURANCE CO., ET AL.** | **MAGISTRATE JUDGE KAY** |

## RULING

Before the Court is a Motion for Summary Judgment filed by Defendants Greenwich Insurance Company and Aaron's Inc. (collectively, "Defendants").[1] Pursuant to their motion, Defendants seek dismissal of Plaintiff's suit, arguing it has prescribed. The motion is opposed by Plaintiff Emrold Wilson, and Defendants have filed a reply.[2] For the reasons that follow, Defendants' motion is DENIED.

## I.
### BACKGROUND

Plaintiff brings this suit for injuries he alleges he sustained when he tripped over an electrical cord laying across the floor of an Aaron's store in Eunice, Louisiana on December 15, 2018.[3] On December 16, 2019, Plaintiff filed a Petition for Damages with the St. Landry Parish Clerk of Court by facsimile transmission.[4] The St. Landry Parish Clerk of Court confirmed receipt of the Petition the same day.[5] On Friday, December 20, 2019, Plaintiff mailed the original Petition with applicable fees to the Clerk of Court, via certified mail.[6] The Clerk of Court collected the

---

[1] ECF No. 42. According to Defendants, Aaron's Inc. is now Aaron's LLC. *Id.* at 1 n.1.
[2] ECF Nos. 52, 53.
[3] ECF No. 1-1 at 3.
[4] ECF No. 52-1 at 1, ¶ 2.
[5] ECF No. 6-1 at 1-2.
[6] ECF No. 52-3.

filing from its post office box at the Opelousas Post Office on Monday, December 30, 2019 and marked the Petition as "filed" that same day.[7] Thereafter, Defendants removed the suit to this Court. Defendants now seek dismissal of the suit, asserting Plaintiff's claim for negligence has prescribed because Plaintiff failed to comply with the requirements of the facsimile filing statute, in that Plaintiff failed to deliver his original Petition to the Clerk of Court within seven days of fax-filing same.[8] Plaintiff asserts this is an issue that must be decided by the trier of fact.[9]

## II.
### STANDARD OF REVIEW

"Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits."[10] A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[11] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[12] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[13]

The opposing party may not create a genuine dispute simply by alleging that a dispute exists. Rather, the opponent must cite "to particular parts of materials in the record," or show that "the

---

[7] ECF No. 52-2 at 4; ECF No. 1-1 at 5.
[8] ECF No. 42-2 at 4.
[9] ECF No. 52 at 6.
[10] *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989); *see also Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991).
[11] FED. R. CIV. P. 56(a).
[12] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[13] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[14] When reviewing a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[15] Credibility determinations, assessments of the probative value of the evidence, inferences drawn from the facts and the like are not to be considered on summary judgment, as those are matters to be decided by the factfinder at trial.[16]

In this matter, the parties disagree as to which of them bears the burden of proof on this motion. Defendants, relying upon Louisiana law, argue "[t]he date when an original document and fees have been [delivered] to the Clerk's office is a fact to be proved by the sender" by a preponderance of the evidence.[17] Plaintiff, relying upon federal law, argues that because Defendants seek "a ruling on their affirmative defense of prescription, on which defendants will bear the burden of proof at trial," Defendants bear the burden of demonstrating the absence of a genuine issue of material fact.[18]

> Ordinarily, the party pleading prescription bears the burden of proving that the plaintiff's claims have prescribed. However, once it is shown that more than a year has elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription, utilizing one of any number of legal constructs including

---

[14] FED. R. CIV. P. 56(c)(1); *see also id.* at (c)(3) (the court need only consider the cited materials, although it is permitted to consider other materials in the record as well).
[15] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).
[16] *See e.g. Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 478 (5th Cir. 2006); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[17] ECF No. 42-2 at 4 (alteration in original) (quoting *Hunter v. Morton's Seafood Restaurant & Catering*, 2008-1667 (La. 3/17/09), 6 So.3d 152, 156).
[18] ECF No. 52 (citing *Dupre v. Mine Safety Appliances*, 963 F.2d 757, 760 (5th Cir. 1992)).

but not limited to the doctrine of *contra non valentem* and the theory of continuing tort.[19]

Plaintiff's accident occurred on December 15, 2018. Plaintiff's original petition was marked as "filed" by the Clerk of Court on December 30, 2019. Therefore, Plaintiff's original Petition is prescribed on its face.[20] Accordingly, Plaintiff bears the burden of demonstrating by competent summary judgment evidence that there is an issue of material fact warranting trial.

## III.
## LAW AND DISCUSSION

In cases where jurisdiction exists by diversity of citizenship, federal courts apply state substantive law.[21] In Louisiana, "[d]elictual actions are subject to a liberative prescription of one year."[22] The prescriptive period begins to run from the day the injury or damage is sustained.[23] When computing a prescriptive period, "the day that marks the commencement of prescription is not counted."[24] "Prescription accrues upon the expiration of the last day of the prescriptive period,

---

[19] *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002) (citing *In re Moses*, 788 So.2d 1173, 1177-78 (La. 2001); *Stett v. Greve*, 810 So.2d 1203, 1208 (La.App. 2 Cir. 2002); *Strata v. Patin*, 545 So.2d 1180, 1189 (La.App. 4th Cir. 1989)); *see also J.M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77 (5th Cir. 1962) ("While the state statute of limitations as a bar to recovery is a matter of state substantive law, the manner by which it is asserted and established is a matter of procedure and federal principles control."); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1287 (5th Cir. 1990).
[20] As the Court interprets Louisiana law, unless and until the trier of fact finds Plaintiff's original Petition was timely delivered to the Clerk of Court, the Petition—which is stamped as filed on December 30, 2019 (i.e. more than one year from the date of the accident)—is deemed as prescribed on its face. *See* La. R.S. 13:850(A) (if the filing party, within seven days, exclusive of legal holidays, delivers the original document to the clerk of court, then the "facsimile filing shall have the same force and effect as filing the original document"); *Id.* at § 850(C) (if the filing party fails to deliver the original to the clerk of court within seven days, then "the facsimile filing shall have no force or effect"); *Worm v. Berry Barn, LLC*, 2020-1086, p. 3 (La.App. 1 Cir. 10/21/21); 332 So.3d 86 (where suit was fax-filed prior to the expiration of the one-year liberative prescriptive period, and the original petition was filed with the clerk of court within the deadline set forth in La. R.S. 13:850 but after the one-year prescriptive period, the petition was prescribed on its face and therefore shifted the burden of proof).
[21] *Rohde v. Southeastern Drilling Co., Inc.*, 667 F.2d 1215, 1219 (5th Cir. 1982); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).
[22] LA. CIV. CODE art. 3492.
[23] *Id.*
[24] LA. CIV. CODE art. 3454.

and if that day is a legal holiday, prescription accrues upon the expiration of the next day that is not a legal holiday."[25] "[P]rescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted."[26]

Louisiana law provides that "[a]ny document in a civil action may be filed with the clerk of court by facsimile transmission."[27] It further provides that "[t]he facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section."[28] Subsection B requires that "[w]ithin seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing," the original document "shall be delivered to the clerk of court."[29] If the filing party fails to comply with the requirements of Subsection B, "the facsimile filing shall have no force or effect."[30] In this matter, Defendants contend Plaintiff did not deliver his original Petition to the Clerk of Court until eight days (exclusive of legal holidays) after the Clerk received his facsimile filing, and therefore Plaintiff's suit has prescribed.

Again, Plaintiff's accident occurred on December 15, 2018. Plaintiff submitted his facsimile filing on December 16, 2019[31], making the seventh day from that date (exclusive of legal holidays) Friday, December 27, 2019.[32] Because Plaintiff's original Petition was not collected and marked as filed by the Clerk of Court until Monday, December 30, 2019, Defendants argue Plaintiff's suit has prescribed. Plaintiff does not dispute that his original Petition was retrieved

---

[25] *Id.*
[26] *Stevenson v. Progressive Sec. Ins. Co.*, 2019-00637, p. 7 (La. 4/3/20); 2020 WL 1671565 (quoting *Carter v. Haygood*, 2004-0646, p. 10 (La. 1/19/05); 892 So.2d 1261, 1268).
[27] La. R.S. 13:850(A).
[28] *Id.*
[29] *Id.* at § 850(B).
[30] *Id.* at § 850(C).
[31] December 15, 2019 was a Sunday (i.e., a "legal holiday"), and therefore December 16, 2019 was the last day to file suit before prescribing. *See* La. Civ. Code art. 3454; La. R.S. 1:55.
[32] ECF No. 52-1 at 1, ¶¶ 5-6.

from the Post Office and marked as filed on December 30, 2019. However, he maintains that the record evidence demonstrates an issue of material fact as to whether the original Petition was delivered to the Clerk of Court on Friday, December 27, 2019. In support, Plaintiff has submitted the declaration of Paul C. Wolf, an attorney with the United States Postal Service, wherein Mr. Wolf states in pertinent part:

> 3. In my capacity as attorney with the United States Postal Service, I caused the Postal Service's Mail and Package Information Systems to be requested to conduct an investigation into the tracking history of the certified mail package bearing tracking number 7018 0360 0000 8253 5206.
>
> 4. Based upon my request, it was determined that the only tracking data available for this package is the document attached hereto as Exhibit 1.
>
> . . . .
>
> 6. The attached Exhibit 1 shows that the package . . . was delivered on December 30, 2019, at 10:14 am. This delivery occurred via a face-to-face transaction across a retail counter. . . . Exhibit 1 does not reveal the date or time when the package was mailed or the date and time when the package arrived at the Opelousas Post Office or when the package was made available for pickup by the recipient.[33]

Plaintiff additionally points to portions of the Rule 30(b)(6) deposition of the St. Landry Parish Clerk of Court's Office, wherein the Clerk of Court's designee testified that its employees collect mail one time per day, usually between 9:30 and 10:30 a.m.[34] In light of this evidence, Plaintiff asserts the reasonable inference can be made that his Petition was deposited at the Post Office on Friday, December 27, 2019, after the Clerk of Court had already picked up mail. If so, Plaintiff contends the Clerk of Court had constructive possession of his original Petition, thereby interrupting prescription and making his suit timely filed.

---

[33] ECF No. 52-2 at 1-2.
[34] ECF No. 42-5 at 24.

The only issue before the Court is whether Plaintiff's original Petition was "delivered" to the Clerk of Court within seven days from his fax-filing, as required by La. R.S. 13:850(B). The Louisiana Supreme Court has defined "delivery" in this context as "[t]he act by which the res or substance thereof is placed within the actual or constructive possession or control of another."[35] In this case, the Court finds the reasonable inference can be drawn that Plaintiff's Petition was delivered and in the Clerk of Court's constructive possession sometime after 10:30 a.m. on December 27, 2019, but it was not collected and marked as "filed" until December 30, 2019, due to the Clerk of Court's policy of only collecting mail one time per day.[36]

Further support for this conclusion is found in *Stevenson v. Progressive Security Insurance Company*.[37] There, the Louisiana Supreme Court granted a writ "to determine whether plaintiffs' unsuccessful attempts to fax file a petition on the last day of the prescriptive period after the clerk of court's business hours, but before midnight, interrupted prescription where the clerk of court's policy was to turn off the fax machines when the office closed." Because the clerk turned off its fax machines at 4:30 p.m. when the office closed, when plaintiffs attempted multiple times to fax file their petition at 4:47 p.m., they were unsuccessful. The district court sustained defendants' exception of prescription, and the court of appeal affirmed.[38] The Supreme Court reversed and held that "plaintiffs' attempts to fax file their petition prior to midnight on the last day of the prescriptive period served to interrupt prescription."[39] The court reasoned:

---

[35] *Petit-Blanc v. Charles*, 2021-00094, p. 3 (La. 4/20/21); 313 So.3d 1245, 1247 (alterations in original) (quoting BLACK'S LAW DICTIONARY (6th ed. 1990)).
[36] "Marking the document or pleading 'filed' and designating the date is evidence of the act of filing, it is not the act of filing itself. The act of depositing the document or pleading is the filing." *Lambert v. Kelley*, 270 So.2d 532, 535 (La. 1972).
[37] *Stevenson v. Progressive Sec. Ins. Co.*, 2019-00637, p. 1 (La. 4/3/20); 2020 WL 1671565.
[38] *Id.* at p. 2.
[39] *Id.* at 10.

> [T]he clerk's policy of turning off the fax machines at 4:30 p.m. effectively shortens a tort victim's one-year prescriptive period and we find it invalid. Allowing every clerk of court to establish a different rule regarding the hours their fax machines are "available" can result in inconsistent determinations of whether a petition is deemed timely filed. Based on the rulings of the lower courts, a plaintiff could not timely fax file a petition at 10:00 p.m. on the last day of the prescriptive period in Terrebonne Parish because that clerk turns off the fax machines at 4:30 p.m., but the same petition faxed at 10:00 p.m. in a parish that does not turn off its fax machines would be deemed timely filed. We cannot allow a unilateral policy or rule set by an individual clerk of court to affect prescription. The same prescriptive period must be available in every judicial district of the state.
>
> We also reject the contention of the court of appeal that plaintiffs' counsel could have easily "cured the dilemma" by calling the clerk's office prior to the close of business to take advantage of the clerk's policy to accommodate attorneys who need to file a pleading after 4:30 p.m. . . . We decline to find plaintiffs should have known to take advantage of an unpublished discretionary policy, or that plaintiffs were obligated to seek out a different method of filing their petition, when they were unable to file it in a manner provided by law solely due to the clerk's action of making the fax machines unavailable.[40]

The Court applies the same reasoning here. "Prescription accrues upon the expiration of the last day of the prescriptive period. . . ."[41] "Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted."[42] By only collecting mail one time per day, between 9:30 and 10:30 a.m., due to what appears to be an unpublished discretionary policy, the St. Landry Parish Clerk of Court "effectively shortens a tort victim's one-year prescriptive period."[43] In light of these particular facts and the foregoing principles of law, the Court finds Plaintiff has demonstrated by competent summary judgment proof that there is an issue of material fact warranting trial—namely, whether Plaintiff's original Petition was in the constructive possession of the St. Landry Parish Clerk of Court within

---

[40] *Id.* at pp. 7-8 (citations omitted).
[41] LA. CIV. CODE art. 3454.
[42] *Stevenson* at 7 (quoting *Carter*, 892 So.2d at 1268).
[43] *Stevenson* at p. 7.

seven days of the Clerk's receipt of Plaintiff's facsimile filing—and therefore, whether Plaintiff's suit has prescribed is a question for the trier of fact. Accordingly, the Motion for Summary Judgment will be denied.

## IV.
### CONCLUSION

For the reasons provided in this Ruling, the Motion for Summary Judgment filed by Defendants, Greenwich Insurance Company and Aaron's Inc., is DENIED.

THUS DONE in Chambers on this 29th day of April, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE